# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **BRYAN BLACK, LEAH BLACK,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **No.  1:22-CV-00276-RP** |
| | § | |
| **CITY OF AUSTIN,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant City of Austin's Motion to Dismiss Plaintiffs' Amended Original Complaint, Dkt. 6; and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation, recommending that the District Court grant the City's motion.

## I.       BACKGROUND

The facts underlying claims in this case arise out of a 2019 domestic disturbance between Plaintiffs, spouses Bryan and Leah Black. Dkt. 4, at 2-4. According to the complaint, a "third party who was not physically located at the Plaintiffs' home in Hays County" called 911 on September 30, 2019, or October 1, 2019, to report the incident. Dkt. 4, at 2. Because the couple lives in Buda, Texas, that city's police department conducted the initial investigation. *Id.* However, the complaint goes on to allege that another call was subsequently made to the Austin Police Department because Bryan Black is an APD officer. *Id.*, at 3. APD then

1

initiated an internal affairs investigation into Bryan's alleged actions. Dkt. 6, at 3. The Blacks state that on October 1, 2019, APD seized Bryan Black's cell phone and issued a "NO CONTACT ORDER" requiring him to cease communications with his wife and to not return to his home. Dkt. 4, at 3-4. The order was issued in connection with the internal affairs investigation. Dkts. 4, at 4; 6, at 3. The Blacks contend that neither of them requested this order, and that the order created distress in their home and relationship. Dkt. 4, at 4. The no-contact order remained in effect until March 24, 2020, when APD indefinitely suspended Bryan Black and he was no longer subject to the order. *Id.*

The Blacks assert claims under 42 U.S.C. § 1983, contending that (1) the no-contact order violated their rights under the First Amendment, by preventing them from speaking to each other; (2) APD's seizure of Bryan Black's phone violated his rights under the Fourth Amendment; (3) the no-contact order violated their Fifth Amendment rights, by unconstitutionally depriving Bryan Black of his property without just compensation; (4) the no-contact order deprived Bryan Black of his procedural due process rights; and (5) the no-contact order violated the couple's Fourteenth Amendment right to be married. *Id.*, at 5-7.

The City moved to dismiss the claims as untimely. Dkt. 2. The Blacks amended their complaint, Dkt. 4, mooting the original motion to dismiss. The City now moves to dismiss the amended complaint, arguing the amendments did not, and cannot, cure the Blacks' fatal statute-of-limitations problem. Dkt. 6.

## II.        LEGAL STANDARD

### A.        12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id*. In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### B.        12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid*

*Transit,* 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at

338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III.   DISCUSSION

A claim is time-barred and subject to dismissal under Rule 12(b)(6)[1] where the claim was clearly filed after the applicable statute of limitations had run and it was evident from the pleadings that the plaintiff was not entitled to the benefit of the discovery rule. *Kansa Reinsurance Co. v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1366-70 (5th Cir. 1994). The statute of limitations for claims brought under § 1983 is determined by looking to the forum state's limitations period for personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Texas, the statute of limitations for a § 1983 claim is two years. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

The statute of limitations begins to run when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know of the injury. *Matter of Hoffman*, 955 F.3d 440, 444 (5th Cir. 2020). The City argues that the Blacks' claims in this case accrued, and the two-year statute of limitations clock began to run, in

---

[1] The City moves to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing the Blacks have failed to state a cognizable § 1983 claim and thus cannot overcome the City's governmental immunity, Dkt. 6, at 6-7; and Rule 12(b)(6), arguing that the Blacks' claims are barred by the applicable statute of limitations, *id.*, at 9-13. Though the City urges the Court to rule on the 12(b)(1) basis first, its 12(b)(1) argument—that Plaintiffs cannot overcome the City's immunity because they cannot state a cognizable claim—is premised on its 12(b)(6) statute-of-limitations argument. Setting aside the differences in burdens and presumptions, the dispositive legal question to be answered—whether the statute of limitations bars Plaintiffs' claims—is the same.

October 2019 when APD issued the two orders giving rise to their claims—the no-contact order and the order directing Bryan Black to turn over his phone to the Department. Dkt. 6, at 10-11. And, the City contends, because the Blacks waited until March 23, 2022, over two years and five months after these orders, their claims are untimely.

The Blacks do not dispute the applicability of the two-year statute of limitations to § 1983 claims generally. But they disagree that limitations bar their claim, arguing that the "continuing tort doctrine" extends the accrual of their claims, rendering them timely. Dkt. 8, at 2-5. "In a continuing-tort case, the wrongful conduct continues to effect additional injury to the plaintiff until that conduct stops." *Gen. Universal Sys., Inc., v. HAL, Inc.*, 500 F. 3d 444, 451, 452 (5th Cir. 2007) (citing *Upjohn Co. v. Freeman*, 885 S.W.2d 538, 542 (Tex. App.—Dallas 1994, writ denied)); *see also Rogers v. Ardella Veigel Inter Vivos Trust No. 2*, 162 S.W. 3d 281, 290 (Tex. App.—Amarillo 2005, pet. denied) ("[E]ach act creates a separate cause of action, and the cause does not accrue, for purposes of limitations, until the misconduct ends."). The Blacks here argue that the City's seizure of Bryan's phone and its contents amounted to an "ongoing seizure" that would fall within the continuous-tort doctrine, citing *Upjohn* as the authority for an *Erie* guess supporting this position. Dkt. 8, at 4-5. Similarly, the Blacks contend that the no-contact order amounted to a "continual interference" with their constitutional rights, again citing *Upjohn*.[2] *Id.*

---

[2] The Dallas Court of Appeals in *Upjohn* held that the continuous-tort doctrine applied to forestall accrual of the applicable statute of limitations to plaintiffs' claims based on a patient's continued use of a medication. 885 S.W.2d at 542-44. In that same opinion, the court

As for the seizure of the phone, the Fifth Circuit has explicitly rejected application of the continuing-tort doctrine in this context, concluding that it does not apply to a one-time seizure:

> Huerta argues that the seizure of his funds constituted a "continuing tort" that tolled the limitations period because he was deprived of his money every day that it was not in his possession. The argument has no merit.... The government seized his money once. Though Huerta experienced the consequences of that injury afterwards, the continued poverty he alleges does not convert the one-time seizure into an ongoing tort.

*Huerta v. United States*, 384 F. App'x 326, 328 (5th Cir. 2010); *see also Matter of Hoffman*, 955 F. 3d at 444 n.3 ("In any event, the search and seizure here—a single incident—does not amount to a continuing tort, one which would forever suspend the statute of limitations absent the horses' return."). As with the funds in *Huerta*, the City here seized Bryan Black's phone and its data once. Accordingly, the continuing-tort doctrine does not apply to their claims based on this one-time seizure.

The Blacks' attempt to extend the doctrine to their claims based on the no-contact order fares no better. Indeed, their own authority (*see* Dkt. 8, at 2-3) acknowledges that "[t]he doctrine of continuing tort, with its extension of accrual date, is rooted in a plaintiff's inability to know that the ongoing conduct is causing him injury." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 592 (Tex. 2017) (citing *Upjohn*, 885 S.W.2d at 542). "[C]are must be taken to distinguish between 1) repeated injury proximately caused by repetitive wrongful or tortuous acts and 2) continuing

---

observed in dicta that "[t]he concept of continuous injury … has been expanded to include false-imprisonment cases." *Id.* at 542 (emphasis removed).

injury arising from one wrongful act. While the former evinces a continuing tort, the latter does not." *Rogers*, 162 S.W.3d at 290.

The Blacks cannot credibly argue that they were unable to know of the ongoing injurious effects of the no-contact order from the moment it issued, nor do they argue as much. Instead, the Blacks focus on the conclusion reached in cases where the continuing-tort doctrine has been applied, *i.e.*, that "'[a] claim for a continuing tort does not accrue until the defendant's wrongful conduct ceases.'" Dkt. 8, at 5 (quoting *Rincones*, 520 S.W.3d at 592). But they ignore the prerequisite finding of the claimant's "*inability to know* that the ongoing conduct is causing him injury." *Rincones*, 520 S.W.3d at 592 (emphasis added). Like their wrongful-seizure claims, the Blacks' claims based on the no-contact order fall within that second category of claims addressed by the court in *Rogers*—a "continuing injury arising from one wrongful act"—which do not fall within the limited scope of the continuing-tort doctrine. 162 S.W.3d at 290; *see Rincones*, 520 S.W.3d at 593 (observing that the doctrine "might provide needed protections to plaintiffs in certain situations" but that it did not apply in that case, and noting "the 'fact that damage may continue to occur for an extended period after accrual does not prevent limitations from starting to run.'" (quoting *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990))).

The undersigned concludes that the continuing-tort doctrine does not apply to the claims asserted in the Blacks' Amended Original Complaint and that those claims are, therefore, untimely under the applicable two-year statute of limitations. Accordingly, the undersigned recommends that the District Court grant the City's

motion to dismiss. And because further amendment cannot cure the defects identified here, the undersigned recommends that the District Court dismiss the complaint with prejudice.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** the City's motion to dismiss, Dkt. 6, and **DISMISS** Plaintiffs' Amended Original Complaint, Dkt. 4, **WITH PREJUDICE**.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED January 17, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE